# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

       Plaintiff,

  vs.

JULIE BOURBEAU,

       Defendant.

Case No. 3:13-cr-00028-TMB-2

## ORDER DISMISSING MOTION UNDER SECTION 2255

Julie Bourbeau, a self-represented federal prisoner, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] Bourbeau asserts one ground for relief, as follows:

> Halfway houses are meant for reintegration of criminals who have been released from prison. I do not need to be reintegrated into society. I do not have any substance abuse issues or problems.

In a letter dated January 3, 2015, Bourbeau explains:

> I am requesting early release from the halfway house. As of today I have currently served 125 days of 180 day sentence at the Cordova House. We are asked to pay 25% of the gross of each paycheck to pay our way at this facility. Per diem rate is $129 per day which is an inordinate amount. Paying Cordova Center puts me in a position of possibly losing my home for a second time. I do not believe the mission of a re-entry program is to create homeless people.[2]

In her Revised Plea Agreement, however, Bourbeau agreed to "waive all rights to appeal the conviction and sentence . . . and to waive all rights to

---

[1] Docket 166.

[2] Docket 166-1 at 1.

collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea."[3] Bourbeau has not claimed ineffective of counsel or that her plea was not voluntary.

In addition, Bourbeau has not claimed that her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," as required by § 2255.[4]

IT IS THEREFORE ORDERED:

1.    The Motion at Docket 166 is DISMISSED.

2.    Any outstanding motions are DENIED.

---

[3] Docket 98 at 3; *see also id.* at 13-14 ("The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charge set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties - as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes - including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution."); *id.* at 14 ("The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence - including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution - the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel - based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.").

[4] 28 U.S.C. § 2255(a).

3.    The Clerk of Court is directed to enter a Judgment in this case.

4.    A Certificate of Appealability will be DENIED.[5]

Dated at Anchorage, Alaska this 3rd day of February, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT JUDGE

---

[5] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first.").